UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BYRON SHANNON and ) | |
| DEMOCION SHANNON HARDIN, ) | |
| ) | |
| Plaintiffs, ) | No. 3:12-cv-01318 |
| ) | Judge Sharp |
| v. ) | |
| ) | |
| TORY JOHNSON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**M E M O R A N D U M**

Co-plaintiffs Byron Shannon ("Shannon") and Democion Shannon Hardin ("Hardin"), inmates at the Davidson County Jail in Nashville, Tennessee, filed this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against District Attorney General Tory Johnson and "All Unknown Assistant District Attorneys of Criminal Courts/Nashville." (Docket No. 1). Plaintiff Shannon has filed two motions to amend the complaint (Docket Nos. 5 and 8) and a motion for appointment of counsel (Docket No. 12).

**I.    Motions to Amend Complaint**

Plaintiff Shannon has filed two motions to amend the complaint. (Docket Nos. 5 and 8). "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is filed . . . ." Rule 15(a), *Fed. R. Civ. P*. "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party . . . ." Rule 15(a), *Fed. R. Civ. P*. Leave to amend a complaint "shall be freely given when justice so requires," *Id.*; *see Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995), and should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility, *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998)(citing *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994). "A

proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose*, 203 F.3d at 420 (citing *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)).

Here, however, only plaintiff Shannon signed the proposed amended complaints. (Docket No. 5 at p. 4, Docket No. 8 at p. 3). When two ore more plaintiffs are proceeding as co-plaintiffs, each plaintiff must sign the complaint as per Rule 11(a) of the Federal Rules of Civil Procedure.[1] Thus, the proposed amended complaints will not be accepted, although the court notes that the proposed amended complaints do not assert any claims not asserted in the original complaint.

## II. PLRA Screening of the Complaint

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although *pro se* complaints are to be construed liberally by the court, *see Boag v. McDougall*, 454 U.S. 364, 365 (1982), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or

---

[1] Only plaintiff Shannon signed the original complaint. (Docket No. 1 at p. 4). Some two months later, plaintiff Hardin submitted a signed copy of the complaint. (Docket No. 1 & Attach. 2).

2

fails to state a claim on which relief may be granted, 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

## III. Section 1983 Standard

The plaintiffs have filed this complaint pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## IV. Allegations in the Complaint

The plaintiffs allege that Tory Johnson, "as sworn head of D.A.'s office and A.D.A's," instructs public defenders and state appointed attorneys not to assist inmates of color, including not to communicate with them, visit them, or keep them apprised of the status of their cases. (Docket No. 5 at p. 1). The plaintiffs further allege that defendant Johnson has instructed court clerks not to accept filings by certain individuals, including one of the plaintiffs in this case.[2] The plaintiffs allege that one or both of them is being wrongfully imprisoned and that the defendants are ignoring evidence of innocence. (*Id.* at pp. 2-3). According to the complaint, the defendants' conduct constitutes "a violation of due process, violation of constitutional civil rights, racism, neglect, [and] malicious intent under color of duty." (*Id.* at p. 1). The plaintiffs believe that the court should

---

[2] Although unclear from the complaint, it appears that Shannon is the plaintiff referenced in the complaint.

initiate criminal proceedings against the defendants. (*Id*. at pp. 3 and 4).

## V. Analysis

First, the plaintiffs ask the court to initiate criminal charges, such as kidnapping, against the defendants. However, "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Tunne v. U.S. Postal Service*, No. 2010 WL 290512, at *1 (W.D. Ky. Jan. 21, 2010)(quoting *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986)). Private citizens have "no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts." *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004). Therefore, to the extent that the complaint petitions the court to initiate federal criminal prosecutions of any defendant, the complaint fails to state claims upon which relief can be granted.

Second, the plaintiffs' claims for monetary damages against Tory Johnson and the unnamed assistant district attorneys in their official capacities based upon actions in prosecuting the plaintiffs under state law are barred by the Eleventh Amendment. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989). Thus, those claims must be dismissed.

Third, to the extent that the defendants are sued in their individual capacities, those claims are barred by prosecutorial immunity. It is well-settled that prosecutors enjoy absolute immunity from suits under § Section 1983 for conduct related to the initiation and presentation of the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 420, 431 (1976); *Howell v. Sanders,* 668 F.3d 344, 349 (6th Cir. 2012). Because the immunity attaches to the prosecutorial function, not the manner in which a prosecutor performs it, prosecutorial immunity provides protection from judicial scrutiny of the motives for the prosecutor's actions. *Ireland v. Tunis*, 113 F.3d 1435, 1447 (6th Cir. 1997). "Absolute immunity is not defeated by a showing that a prosecutor acted wrongfully or even

4

maliciously." *Grant v. Hollenback*, 870 F.2d 1135, 1138 (6th Cir. 1989).

Here, the plaintiffs do not argue that the prosecutorial defendants engaged in activities outside the scope of their prosecutorial duties but, rather, argue that the prosecutorial defendants, motivated by racial animus and financial gain, have conspired to wrongful imprison the plaintiffs and other inmates of color. However, allegations of conspiracy do not abrogate a prosecutor's immunity, *Imbler*, 424 U.S. at 415-16, and, as discussed above, absolute immunity is not defeated by a showing that the prosecutor acted wrongfully or even maliciously. Accordingly, because the prosecutorial defendants' actions were within the scope of their prosecutorial duties and therefore "intimately associated with the judicial phase of the criminal process," they are protected by prosecutorial immunity. The plaintiffs' individual capacity claims against them fail.

Fourth, to the extent that the plaintiffs allege they have been unlawfully charged or convicted in state court by defendant Johnson or the assistant district attorneys working in Johnson's office, those claims sound in *habeas corpus* and are not appropriately brought in a § 1983 action. The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). A § 1983 claim challenging confinement must be dismissed even where a plaintiff seeks only injunctive or monetary relief. *Heck*, 512 U.S. at 489-90 (claim for damages is not cognizable); *Preiser*, 411 U.S. at 488-90 (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254).

Additionally, a state prisoner does not state a cognizable claim under § 1983 where a ruling on his claim would imply the invalidity of his conviction and/or confinement, unless and until the

5

conviction has been favorably terminated, *i.e.*, reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. *Heck*, 512 U.S. at 486-87; *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001). The United States Supreme Court extended *Heck* to bar § 1983 actions that do not directly challenge confinement, but instead challenge the procedures that imply unlawful confinement. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Given that neither plaintiff has demonstrated that a state conviction has been favorably terminated and at least one plaintiff alleges "wrongful imprisonment" (Docket No. 1 at p. 4), under *Heck*, 512 U.S. 477, 486-87, any claims asserted by the plaintiffs attacking state court charges or convictions should not have been brought under 42 U.S.C. § 1983 and must be dismissed.

Fifth, the complaint alleges that defendant Johnson has instructed court clerks not to accept any filings by a plaintiff. (Docket No. 1 at p. 4). The law is well settled that a prisoner has a First Amendment right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821-823 (1977). However, it is not enough for a plaintiff simply to claim that he was denied access to the courts. To state a claim on which relief may be granted, a plaintiff must show that a defendant's conduct in some way prejudiced the filing or prosecution of a legal matter. *Walker*, 771 F.2d at 932; *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

Although the complaint alleges that court clerks ignore motions "sent in" by a plaintiff (Docket No. 1 at p. 4), the plaintiffs here have not alleged that any instruction or action by defendant Johnson prejudiced either plaintiff's filing or prosecution of a legal matter. Thus, the plaintiffs have not stated an actionable claim under the First Amendment for the denial of access to the courts.

Finally, as to defendant Johnson, the complaint also alleges that he has instructed public

defenders and state appointed attorneys to treat defendants of certain races differently and less favorably than other defendants, including the instant plaintiffs. (Docket No. 5 at p. 1). However, defendant Johnson is the District Attorney General for the 20th Judicial District in Nashville, Tennessee. As such, he has no authority over the state public defenders or any state appointed lawyer representing defendants in state criminal cases. Consequently, the plaintiffs' claims are factually frivolous; the defendant is not statutorily authorized to exercise the kind of control alleged by the plaintiffs.

For all of the reasons stated above, the court finds that the plaintiffs' complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915A.

## VI. Motion for Appointment of Counsel

Because the court has found that the plaintiffs' complaint fails to state a claim upon which relief can be granted, plaintiff Shannon's motion for appointment of counsel (Docket No. 12) will be denied.

## VII. Conclusion

Accordingly, plaintiff Shannon's motions to amend the complaint (Docket Nos. 5 and 8) and for appointment of counsel (Docket No. 12) will be denied. Further, the court finds that the complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 as to all defendants. 28 U.S.C. § 1915A. In the absence of an actionable claim, the court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

Kevin H. Sharp
United States District Judge